IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ALAINE LOCKHART-MOLLAH, as | : | CIVIL ACTION |
| Special Administratrix for the Estate of | : | No. 05-126 |
| Alva J. Lockhart, et al. | : | |
| v. | : | |
| GOVERNMENT OF THE | : | |
| VIRGIN ISLANDS, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                    **July 31, 2009**

      Defendants the Virgin Islands Government, Police Department, and its deputy chief and police officers in their official and individual capacities, move for summary judgment on all claims by Plaintiff Alaine Lockhart-Mollah, as Special Administratrix for the Estate of Alva J. Lockhart (the Estate), contending the Estate's allegations of federal civil rights violations and conspiracy to cover-up the alleged violations, various common law tort injuries, and wrongful death are time-barred or otherwise not actionable. The Estate opposes the motion, contending the Estate timely presents genuine disputes of material fact. I agree with Defendants, granting judgment in their favor on all claims except the Estate's territorial wrongful death claim, which I retain for a jury trial on the merits.

**FACTS**

      This action arises from a police investigation of domestic violence in the home of Alfred H. Lockhart, Sr. and his wife, Dorothy A. Lockhart, on August 12, 2003, during which their son, Alva J. Lockhart, was shot. He was pronounced dead on August 13, 2003, at 12:00 a.m. It is undisputed all of his injuries occurred on August 12, 2003, before his death.

      It is undisputed Alva fired gunshots in the Lockhart residence on August 12, 2003, in the

1

presence of family members.[1] In response to 911 reports of gunshots fired at the Lockhart residence, police officers investigated.[2]

There are material inconsistencies in various accounts of the events resulting in the shooting of Alva and the inferences to be drawn from the record, which turn on the credibility of many witnesses. There is, however, no genuine dispute Officer George Greene shot him on August 12, 2003,[3] during the officers' investigation. The parties agree Deputy Chief Elvin Fahie, and Officers Rosalyn Pinney, Charles Gumbs, Donald Liburd, Melvin Boynes, and Dean Chinnery did not shot Alva.[4]

Plaintiffs in these consolidated actions allege Defendants conspired to cover-up their unjustified shooting of Alva, which conspiracy began when Officer Greene shot Alva on August 12, 2003, and continued into and beyond August 13, 2003.[5] Administratrix Alaine Lockhart-Mollah testified Plaintiffs' conspiracy claims are based exclusively on "information and belief."[6]

---

[1] Defts' Stmt Undisputed Facts, and Pls' Resp., ¶¶ 1, 2.

[2] Defts' Stmt Undisputed Facts, and Pls' Resp., ¶¶ 4-6.

[3] Plaintiffs attempt to manufacture a dispute on this point, contending Special Operations Bureau officer(s) shot Alva. *See* Pls' Resp. to Defts' Stmt Undisputed Facts ¶ 9. Plaintiffs rely on Deputy Chief Elvin Fahie's testimony, 5/13/09 N.T. 34:25-37:13, however, his testimony does not support a reasonable inference in favor of Plaintiffs' conclusory assertion. Also, the Estate pled George Greene shot Alva. Am. Comp. 05-126 ¶¶ 26, 35. There is no genuine dispute about whether Greene shot Alva. *See Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998) (holding if no reasonable jury could find in the nonmoving party's favor based on the record as a whole, concerns regarding the credibility of witnesses cannot defeat summary judgment).

[4] Defts' Stmt Undisputed Facts, and Pls' Resp., ¶¶ 12-17.

[5] Am. Comps., 05-125 ¶ 60; 05-126 ¶ 55; 05-127 ¶ 57.

[6] Alaine Lockhart Mollah 4/27/09 N.T. 109:11-113:17.

2

**DISCUSSION**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). After one party has filed a properly supported summary judgment motion, the party opposing it must present sufficient evidence for a reasonable jury to find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986). The party opposing the motion must demonstrate a genuine dispute over facts affecting the outcome of the claim. *Id*. at 248.

Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial. The moving party is entitled to summary judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element with respect to which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party with the burden of proof on a dispositive issue at trial to "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts, showing that there is a genuine issue for trial.'" *Id*. at 324.

The Administratrix asserts on behalf of Alva J. Lockhart's estate and survivors, a timely claim for his alleged wrongful death under Virgin Islands territorial law, 5 V.I.C. § 76.[7] The date

---

[7] 5 V.I.C. § 76(d) requires the action to be brought by the decedent's personal representative who recovers for the wrongful death on behalf of both the decedent's survivors and estate:

> (d) The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this section, caused by the injury resulting in death. When a personal injury to the decedent results in his death, any action for the personal injury shall

3

of accrual for wrongful death is controlled by Virgin Islands law, which is the date of the decedent's death, not the date of his injury. *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1012 (3d Cir. 1984); *Cintron v. Bermudez*, No. 10-1968, 6 V.I. 692, 695, 1968 U.S. Dist. LEXIS 3849, at *4-5 (D.V.I. Jul. 26, 1968). A wrongful death action must be brought within two years from the date of death. *Mingolla v. Minnesota Mfg. Co.*, 893 F. Supp. 499, 504 (D.V.I. 1995) (citing *Cintron*, 6 V.I. at 695 (applying two-year limitation of 5 V.I.C. § 31(5)(A)). The Estate's wrongful death claim accrued on the date of Alva's death on August 13, 2003, and the Estate's complaint was timely filed on August 15, 2005.

There are genuine issues of disputed material fact concerning the merits of the Estate's wrongful death claim, which require a trial. Absent a motion by the Estate and briefing by the parties, I decline Defendants' request to relinquish supplemental jurisdiction of the territorial wrongful death claim under 28 U.S.C. § 1367(c). The Estate's federal civil rights claim and territorial wrongful death claim clearly arise out of a common nucleus of operative fact, and the dictates of judicial economy, convenience, and fairness to the parties are better served by retaining supplemental jurisdiction. *See Sparks v. Hershey*, 661 F.2d 30, 33-34 (3d Cir. 1981) (holding in a § 1983 civil rights action, district court abused its discretion by refusing to exercise supplemental jurisdiction over state-law wrongful death and survival claims). After four years of litigation and substantial discovery efforts here, it is preferable not to force the parties to start all over in a territorial court.

There is no evidence, however, any officer other than Officer George Greene shot Alva. Therefore, all claims by the Estate for Alva's wrongful death against Defendants, except Defendant

---

survive, whether or not filed at the time of death, and shall not abate. . . .

Greene, are dismissed with prejudice. The Estate's territorial wrongful death claim shall proceed to a trial on the merits against the sole Defendant Greene.

Defendants contend the Estate's 42 U.S.C. § 1983 civil rights and conspiracy claims are barred by the Virgin Islands' two-year statute of limitations applicable to personal injuries, 5 V.I.C. § 31(5)(A), or are otherwise not actionable. I agree.

Section 1983 does not create substantive rights; rather it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). A prima facie case requires a plaintiff to show: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Estate fails to timely advance any viable claims for deprivation of Alva's or the Estate's federal rights.

The Estate alleges Defendants violated Alva's constitutional rights to be free from unreasonable seizures, cruel and unusual punishment, and unlawful deprivation of life without due process in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments.[8] Assuming without deciding the Estate has stated viable constitutional violations of Alva's civil rights, the Estate's claim would depend on the survival of Alva's claims for his own constitutional injuries resulting in his death, and the Estate's timely assertion of his claims.[9] *See Mingolla*, 893 F. Supp. at 507 (where

---

[8] Am. Comp. 05-126 ¶¶ 1, 47.

[9] In pertinent part, the Virgin Islands wrongful death statute, 5 V.I.C. § 76, provides in subsections (c) and (d) as follows:

> (c) When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, . . . and the event would have

5

the actionable injury causes or results in the decedent's death, survivors must prosecute their claims in a wrongful death suit under 5 V.I.C. § 76). I need not decide whether there are cognizable constitutional violations because the Estate's federal civil rights and conspiracy claims are time-barred.

Virgin Islands law governs the length of the limitations period for a § 1983 claim, but when the period accrues is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The Virgin Islands' two-year statute of limitations applicable to personal injuries, 5 V.I.C. § 31(5)(A), governs the length of the limitations period. *Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989) (relying on *Wilson v. Garcia*, 471 U.S. 261 (1985)). Under federal principles, a § 1983 claim accrues and the limitations period begins to run when the plaintiff has a complete and present cause of action and can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Specifically, the action accrues when "the plaintiff knew or had reason to know the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Alva's injuries occurred on August 12, 2003, even though they culminated in his death at 12:00 a.m. on August 13, 2003. Plaintiffs do not assert and the record does not show any injury, conspiracy to injure or kill, or effort to cover-up police activity before Alva was shot on August 12,

---

entitled the person injured to maintain an action and recover damages if death had not ensued, the person . . . that would have been liable in damages if death had not ensued shall be liable for damages as specified in this section notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.

(d) . . . When a personal injury to the decedent results in his death, any action for the personal injury shall survive, whether or not filed at the time of death, and shall not abate. . . .

2003.  Moreover, his personal constitutional interests in life, liberty, and bodily integrity could not be violated once he died.  *See*, *e.g.*, *Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir. 1979) (holding administratrix had no murder cover-up claim under § 1983 survival law because "[a]fter death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he may be deprived.").

Alva's § 1983 claims accrued as a matter of federal law on August 12, 2003, when he knew or had reason to know of any constitutional injuries upon which the Estate now pursues this claim.  His injuries were complete on August 12, 2003, rendering the exact time of his death irrelevant and immaterial to the accrual of his § 1983 claim.  The limitation period began to run on August 12, 2003, when he was injured.  Thus, any stated § 1983 claim was untimely filed on August 15, 2005, one business day beyond expiration of the two-year limitations period on August 12, 2005.  All civil rights claims advanced under § 1983 by the Estate are time-barred.

The Estate argues Defendants engaged in a conspiracy to deprive Alva, his survivors, and his estate of rights guaranteed under § 1983. The Estate alleges Defendants conspired to violate Alva's civil rights by "allowing him to bleed to death,"[10] covering-up his unjustified shooting by Officer George Greene,[11] rearranging the scene of the shooting;[12] "ransacking" the Lockhart residence,[13] and submitting false police reports.[14]  The Estate also alleges Defendants' conspiratorial cover-up of

---

[10] Am. Comp. 05-126 ¶¶ 36, 53.

[11] Am. Comp. 05-126 ¶¶ 35, 52-59.

[12] Am. Comp. 05-126 ¶¶ 36, 52-59.

[13] Am. Comp. 05-126 ¶¶ 38, 39, 41, 52-59.

[14] Am. Comp. 05-126 ¶¶ 41, 53, 55.

7

Alva's shooting violated the First Amendment rights of Alva's survivors and estate by impeding their access to courts and judicial redress.[15]

Summary judgment is appropriate on all conspiracy claims advanced by each Plaintiff in these consolidated actions because their claims are conclusory accusations in their entirety, which would only invite jury speculation. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250-52; *Celotex*, 477 U.S. at 322-23. Plaintiffs present no genuine issues for trial. *Id.* at 324.

Moreover, the Estate's conspiracy claims are time-barred. The limitations period for a § 1983 civil conspiracy begins to run from "each overt act causing damage." *Kost v. Kozakiewicz*, 1 F.3d 176, 191 (3d Cir. 1993); *Wells v. Rockefeller*, 728 F.2d 209, 217 (3d Cir. 1983), *cert. denied*, 471 U.S. 1107 (1985) ("actual injury is the focal point, not the illegal agreement per se"). The cause of action accrues when the plaintiff knows and should have known his or her constitutional rights have been violated, *Kost*, 1 F.3d at 191, and is subject to the Virgin Islands' two-year statute of limitations applicable to personal injuries, 5 V.I.C. § 31(5)(A).

Plaintiffs in these consolidated actions allege the conspiracy began when Officer Greene shot Alva on August 12, 2003, and continued into and beyond August 13, 2003. To the extent the Estate alleges Defendants' conspiracy violated Alva's civil rights, his rights could not be violated once he died. *See*, *e.g.*, *Whitehurst, supra*. Any conspiracy claim based on Alva's injuries accrued on August 12, 2003, and the statute of limitations expired on August 12, 2005, before the Estate filed its complaint on August 15, 2005. *See Kost*, 1 F.3d at 191 (even murder is considered a personal injury under a § 1983 conspiracy claim for purposes of determining the applicable statute of limitations).

---

[15]Am. Comp. 05-126 ¶¶ 35, 36, 38-39, 41, 52-59.

The Estate attempts to revive Alva's time-barred injuries by tying them to alleged conspiratorial actions purportedly occurring on and after August 13, 2003, which are not supported by the record. Plaintiffs must show two or more conspirators reached an agreement to deprive him or her of a constitutional right "under color of law." *Leer Elec., Inc. v. Pennsylvania, Dep't of Labor and Indus.*, 597 F. Supp.2d 470, 484 (M.D. Pa. 2009) (citing *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993). This the Estate has failed to do.

The record is devoid of any evidence Defendants' actions, no matter how those actions are characterized, prevented any of the Plaintiffs from filing suit or rendered their access to the courts ineffective or meaningless. "Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003) (collecting authority). Despite the breadth of this general rule, a plaintiff cannot recover a constitutional remedy for cover-ups or discovery abuses after an action has been filed because the trial court can address those problems in on-going litigation. *Id.* at 511 ("[O]nly prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation."); *see also Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5ht Cir. 1994) (suggesting the right of access to the courts encompasses a "a right to file an action, but not the right to proceed free of discovery abuses after filing").

The Estate filed suit on August 15, 2005, albeit one business day after the two-year limitation period prescribed for personal injury claims. There is no evidence Defendants were responsible for any filing delay. In these consolidated actions, each Plaintiff originally pleaded Officer Greene shot

9

Alva without justification.[16] Plaintiffs complain Defendants' conspiracy delayed their receipt of the autopsy report until November 2008, which report purportedly revealed for the first time Alva was shot in the back.[17] They do not show, however, this prevented them from filing suit or rendered their access to the courts ineffective or meaningless. They present only a discovery dispute concerning the report. Moreover, Plaintiffs provide no support for their contention the delayed autopsy report revealed any new information critical to their ability to attribute Alva's death to Defendants' conduct. Alson Lockhart, the EMS who first treated Alva, testified he knew Alva had been shot "from the back in the arm" when Alson saw his wounds, and "I didn't get that information from the autopsy report; I knew that."[18]

The record is insufficient to support a reasonable inference of any common law tort injuries occurring to any Plaintiff in these consolidated actions after August 12, 2003. Moreover, to the extent the Estate asserts claims for common law tort injuries to Alva, it is undisputed all of his injuries occurred on August 12, 2003, before his death at 12:00 a.m. on August 13, 2003. All of the Estate's claims for common law tort injuries to Alva due to Defendants' alleged negligence, recklessness or gross negligence, negligent training and entrustment, or negligent or intentional infliction of mental distress are time-barred by the Virgin Islands two-year limitation period, 5 V.I.C. § 31(5)(A).[19] *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp.2d 545, 562 (D.V.I. 2004).

---

[16]Am. Comps., 05-125 ¶¶ 85-87; 05-126 ¶¶ 62, 167-169; 05-127 ¶¶ 59, 79-81.

[17]*See* Pls' Resp. Defts' Stmt Undisputed Facts ¶ 33; Pls' Ex. 27, Autopsy Report, which shows Alva was shot in the back of his left arm.

[18]Alson Lockhart 4/28/09 N.T. 167:5-24.

[19]Am. Comp. 05-126 Counts IV-VII.

The limitation period began to run August 12, 2003, when he was injured, and any common law tort claims were untimely filed on August 15, 2005, one business day beyond the expiration of the two-year limitations period on August 12, 2005.

The Estate advances a claim for vandalism of Alfred, Sr.'s and Dorothy's personal property.[20] The Estate only has standing to pursue claims for any common law tort injuries for which Alva would have been entitled to maintain an action and recover damages, if he had not died. 5 V.I.C. § 76(c). The Estate has no standing and no capacity to sue on behalf of his parents for their property damages not arising out of his injury and death. *Mingolla*, 893 F. Supp. at 505; *Baby Foy by Foy v. Morningstar Beach Resort, Inc.*, 635 F. Supp. 741, 742 (D.V.I. 1986). Even if the Estate had standing to pursue such claims, which the Estate clearly does not, summary judgment would be appropriate because the Estate fails to sufficiently support its conclusory accusations of personal property damage from "vandalism" and "ransacking" of the Lockhart residence. *Anderson*, 477 U.S. at 250-52. After four years of litigation and adequate opportunity for discovery, it is fair to infer the Estate has not produced sufficient evidence because it cannot. *Celotex*, 477 U.S. at 324.

An appropriate order follows.

---

[20] Am. Comp. 05-126 Count VII ¶¶ 85-88.